UNITED STATES of America,
Petitioner,

v.

CABRINI MEDICAL CENTER (sued as
Cabrini Health Care Center),
Respondent.

No. M18–304.

United States District Court,
S. D. New York.

May 29, 1980.

William M. Tendy, U. S. Atty. for the Southern District of New York, New York City, for petitioner; Jane E. Bloom, Dennison Young, Jr., Asst. U. S. Attys., Marjorie A. Silver, Chief Regional Civil Rights Atty., New York City, Merrily F. Raffa, Asst. Regional Atty., Dept. of Health, Education and Welfare, of counsel.

Kelley Drye & Warren, New York City, for respondent; Martin D. Heyert, Patricia Hytten Sachs, Patrick W. McGovern, New York City, of counsel.

### MEMORANDUM AND ORDER

OWEN, District Judge.

Before me is a motion by the Department of Health, Education and Welfare ("HEW") to enforce a subpoena *duces tecum* against Cabrini Health Care Center (the "Hospital") and a cross-motion by the Hospital to terminate the investigation. Petitioner HEW seeks access to the Hospital's records and personnel in order to investigate a discrimination complaint of a Hospital employee. The employee alleges that the Hospital fired him solely because he was emotionally handicapped. HEW contends that its authority to investigate this complaint is conferred by §§ 504 and 505(a)(2) of the Rehabilitation Act of 1973 (the "Act"), 29 U.S.C. §§ 794, 794a(a)(2) (as amended):

> No otherwise qualified handicapped individual in the United States . . . shall, solely by reason of his handicap, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance. 29 U.S.C. § 794.

\*　　\*　　\*　　\*　　\*　　.\*

96

The remedies, procedures and rights set forth in Title VI of the Civil Rights Act of 1964 shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under § 504 of this Act. 29 U.S.C. § 794a(a)(2).

Section 504 of the Rehabilitation Act was modeled after Title VI, 42 U.S.C. § 2000d et seq., which prohibits discrimination in federally funded programs by reason of race, color or national origin. Title VI also provides for agency action of the type proposed here. 42 U.S.C. § 2000d-1.

The question presented is whether the "remedies, procedures and rights" under § 505(a)(2), which provides for the enforcement of § 504, comes burdened with the following limitation contained in § 604 of Title VI:

> Nothing contained in this subchapter shall be construed to authorize action under this subchapter by any department or agency with respect to any employment practice of any employer, employment agency, or labor organization except where a primary objective of the Federal financial assistance is to provide employment. 42 U.S.C. § 2000d-3 (emphasis in original).

The respondent Hospital contends that § 604 strips HEW of jurisdiction to investigate this claim because the Hospital does not receive federal funds, i. e., Medicaid and Medicare payments[1] for the "primary objective" of providing employment. I conclude, however, that the limitation contained in § 604 of Title VI is not applicable to § 504 of the Rehabilitation Act.

The legislative history of § 504 of the Rehabilitation Act clearly expresses a Congressional intent to enable handicapped individuals to achieve "their full and equal share of the rights to which they are entitled." 124 Cong.Rec. S15591 (daily ed., Sept. 20, 1978). Consistent with this intention, § 504 was aimed at eliminating "dis-

crimination under *any* program or activity receiving Federal financial assistance," 29 U.S.C. § 794 (emphasis added), without regard to the purpose for which the funds were received.

As originally drafted § 504 did not contain any express provisions for administrative enforcement or judicial review. In 1978, Congress amended the Rehabilitation Act to incorporate the "remedies, procedures and rights set forth in Title VI of the Civil Rights Act of 1974." 29 U.S.C. § 794a(a)(2). This amendment was not intended to redefine the substantive rights granted in § 504 of the Rehabilitation Act, but only to provide procedural mechanisms for their enforcement. In addition, the legislative history of § 604 of Title VI indicates that it is wholly inapplicable to the Rehabilitation Act. The limitation expressed in § 604 merely reflects an awareness that Congress had enacted Title VII to remedy employment discrimination on the basis of "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. No comparable statutory provision exists to deal with employment discrimination against handicapped individuals. While I recognize that *Trageser v. Libbie Rehabilitation Center, Inc.*, 590 F.2d 87 (4th Cir. 1978), *cert. denied*, 442 U.S. 947, 99 S.Ct. 2895, 61 L.Ed.2d 318 (1979), and *Carmi v. Metropolitan St. Louis Sewer District*, 620 F.2d 672 (8th Cir. 1980), reach a different conclusion, I respectfully disagree and decline to follow their holdings. S.Rep.No. 96–316, 96th Cong., 1st Sess. 12–13 (1979); *Hart v. County of Alameda*, 485 F.Supp. 66 (N.D.Cal. 1979).

The motion of HEW is accordingly granted, the motion of the Hospital is denied and the cross-petition is dismissed.

---

1. Receipt of Medicare and Medicaid funding constitutes receipt of federal financial assistance as defined in 45 C.F.R. § 84.3(h). *Cook v. Ochsner Foundation Hospital*, No. 70–1969 (E.D.La. Feb. 12, 1979); *see also N.A.A.C.P. v. Medical Center, Inc.*, 599 F.2d 1247 (3d Cir. 1979).