UNITED STATES of America, Plaintiff-Appellee,

v.

BAYLOR UNIVERSITY MEDICAL CENTER, Defendant-Appellant.

No. 83–1398.

United States Court of Appeals, Fifth Circuit.

July 15, 1983.

---

Smith, Smith & Florsheim, Robert W. Smith, Bowen L. Florsheim, Dallas, Tex., for defendant-appellant.

Cheryl B. Wattley, Asst. U.S. Atty., Dallas, Tex., Mark Gross, Atty., William Bradford Reynolds, Walter W. Barnett, Appellate Section, Civ. Rights Div., U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before GEE, POLITZ, and JOHNSON, Circuit Judges.

PER CURIAM:

In May 1980, the United States Department of Health & Human Services (HHS) received a single complaint alleging that Baylor University Medical Center (Baylor Medical Center) had refused to permit a deaf patient to use an interpreter to aid in understanding her pre and post-operative discussions with the medical staff at Baylor Medical Center. On May 26, 1980, HHS informed Baylor Medical Center that it intended to investigate the complaint since Baylor Medical Center was allegedly a recipient of "federal financial assistance," and, hence, was obligated to comply with section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. Baylor Medical Center refused to allow HHS to investigate its operations alleging that it was not a recipient of federal financial assistance, and that even if it was, HHS' right to investigate was limited to the specific federally funded programs that were the basis of a particular complaint. Following discovery, it was undisputed that the only federal funds received by Baylor Medical Center were reimbursement payments for services rendered to Medicare and Medicaid beneficiaries. The district court, 564 F.Supp. 1495, held that Baylor Medical Center's receipt of Medicare and Medicaid funds constituted federal financial assistance and ordered Baylor Medical Center immediately to allow HHS to investigate its operations. Baylor Medical Center's failure to allow HHS to investigate would result in loss of all Medicaid and Medicare funds under the district court's order. The district court refused to grant Baylor Medical Center's motion for a stay pending appeal and, consequently, Baylor Medical Center has moved this Court for a stay pending appeal. We stay the district court's order pending appeal.

Four factors must be considered by this Court in determining whether to stay the district court's order under Fed.R. App.P. 8. These are (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest. *See Coastal States Gas Corp. v. Department of Energy,* 609 F.2d 736, 737 (5th Cir.1979); *Fortune v. Molpus,* 431 F.2d 799, 804 (5th Cir.1970); and *Belcher v. Birmingham Trust National Bank,* 395 F.2d 685 (5th Cir.1968). However, this Court has refused to apply these factors in a rigid, mechanical fashion. Indeed, in *Ruiz v. Estelle,* 650 F.2d 555 (5th Cir.1981), this Court held that the movant "need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay." *Id.* at 565.

We have little difficulty concluding that a serious legal question is involved in this case. Whether Medicare and Medicaid payments constitute federal financial assistance within the meaning of the Rehabilitation Act is a serious legal question that could have a broad impact upon federal/state relations. Many private institutions, like Baylor Medical Center, receive Medicare and Medicaid funds but do not receive any other form of federal funding. A court, certainly this Court, would want to make a detailed and in depth examination of this serious legal issue before opening the doors of private institutions to the probing tools of an HHS investigation. Although several cases have been cited that touch on this issue, we have been cited to no definitive ruling that would guide us in this case. *See NAACP v. Wilmington Medical Center, Inc.*, 453 F.Supp. 330, 339 n. 34 (D.Del.1978), *aff'd in part and rev'd in part*, 599 F.2d 1247, 1248 n. 4 (3d Cir.1979); *United States v. Cabrini Medical Center*, 497 F.Supp. 95, 96 n. 1 (S.D.N.Y.1980), *rev'd*, 639 F.2d 908 (2d Cir.1981); *Bernard v. Blue Cross & Blue Shield*, 528 F.Supp. 125, 132 (S.D.N.Y.1981), *aff'd*, 679 F.2d 7 (2d Cir. 1982); and *Trageser v. Libbie Rehabilitation Center, Inc.*, 462 F.Supp. 424 (C.D.Va. 1977), *aff'd*, 590 F.2d 87 (4th Cir.1978).

Having determined that a serious legal issue is presented, we must decide whether the balance of equities weighs heavily in favor of granting a stay. We determine that the equitable balance does weigh heavily in favor of granting the stay. Significantly, Baylor Medical Center consistently has challenged HHS' authority to investigate its facilities. It is the investigation that Baylor Medical Center seeks to avoid. However, under the express terms of the district court's order, Baylor Medical Center must submit to an examination prior to appeal, or suffer the loss of all Medicare and Medicaid funds, which, of course, would have a substantial effect on the recipients of such services. The district court's order clearly has placed Baylor Medical Center between a rock and a hard place. Baylor Medical Center can either forego its challenge to HHS' authority to investigate and thereby suffer the consequences and expense of an investigation that may be ultimately determined to have been unwarranted, or lose all its Medicare and Medicaid funds. We conclude that Baylor Medical Center should not be put to this Hobson's choice until the issue of HHS' investigatory power has been decided on appeal.

We also note that no *substantial* harm will be suffered by HHS. Although HHS certainly has a right to proceed with its investigatory duties in a forthright manner, when its very authority is at issue, a delay of the investigation pending appeal will not substantially harm the investigatory process. This is especially true in this case, since HHS has received only a single complaint against Baylor Medical Center.

Finally, we conclude that granting the stay will serve the public interest. Baylor Medical Center is an enormous medical operation that provides medical attention to numerous Medicaid and Medicare recipients. We see no reason to put Baylor Medical Center to the choice of foregoing its legal position or losing all Medicaid and Medicare funding until the appellate process has run its normal course. The interest of the Medicaid and Medicare recipients would be seriously compromised should Baylor Medical Center be put to the Hobson's choice and decide to forfeit its Medicaid and Medicare funds. The normal procedures at Baylor Medical Center should not be interrupted so significantly until an appeal has been decided.

In conclusion, we emphasize that we do not decide the merits of the appeal or express any opinion on the resolution of this serious legal issue. All we do today, is hold that a stay of the district court's order should be granted pending an appeal in this case.