**In re Edmond G. MIRANNE Sr., Debtor.**

**Bankruptcy No. 84–2143–THK.**

**Civ. A. No. 88–1481.**

United States District Court, E.D. Louisiana.

Aug. 5, 1988.

Edmond G. Miranne, Jr., New Orleans, La., for Edmond G. Miranne, Sr.

Shushan, Meyer, Jackson, McPherson, & Herzog, Betty F. Mullin, Donald A. Meyer, New Orleans, La., for First Financial Bank.

Chaffe, McCall, Phillips, Toler & Sarpy, Marc G. Shachat, New Orleans, La., for Mrs. Bernice Dohm.

## ORDER ON RENEWED MOTION FOR STAY PENDING APPEAL

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on renewed motion of debtor/appellant Edmond G. Miranne Sr. for stay [of this Court's judgment entered June 10, 1988 87 B.R. 897, and the Bankruptcy Court's order of March 14, 1988] pending appeal. Having determined that no hearing or oral argument is needed for the motion, the Court now GRANTS the motion.

### I.

On July 26, 1988, Miranne filed a similar motion for stay. The next day, this Court dismissed the motion for lack of jurisdiction because Miranne filed his motion after he filed a timely notice of appeal. Pointing Miranne to the Fifth Circuit, this Court did not have to address whether Miranne should have additionally or alternatively moved for a stay in the Bankruptcy Court in the first place.

Disagreeing with this Court's citations of authority, the Fifth Circuit held in effect that this Court did retain jurisdiction to rule on Miranne's motion; thus, the Fifth Circuit denied his motion before it without prejudice for him to reurge his motion before this Court. *In re Miranne*, 852 F.2d 805 (5th Cir.1988). So to this Court Miranne has returned.

Although unable to find what in F.R.Civ. P. 62, F.R.App.P. 8(a), or 9 Moore's Federal Practice ¶ 208.05, cited by the Fifth Circuit, states that this Court retains jurisdiction after a valid notice of appeal is filed from its final judgment, this Court must defer to the Fifth Circuit.

Suggesting implicitly that it matters not that this Court is acting not as trial court, but as bankruptcy appellate court, the Fifth Circuit has created a procedural dilemma with no guidance for this Court. On the one hand, one may infer the Fifth Circuit to have ordered that *this* Court rule on Miranne's motion for a stay of *both* this Court's and the Bankruptcy Court's orders and judgments. On the other hand, one may infer it to have ordered that Miranne seek stays in *each* of the two courts that issued the orders and judgments from which he seeks stays. In short, the Fifth Circuit's order is unclear whether this Court should or must direct Miranne to move the Bankruptcy Court for a stay of its separate order in accordance with Bankr.R. 8005. While either alternative interpretation has obvious advantages and disadvantages, and without further guidance from the Fifth Circuit in explaining why this Court erred, this Court determines that the interests of justice are best served under the present circumstances by ruling on all stays at this time. Thus, the Court now addresses the merits of the instant motion.

### II.

Appellees (First Financial Bank and Bernice M. Dohm) have filed a joint opposition to Miranne's motion. They raise two points: (1) Miranne cannot satisfy the four criteria set forth in *United States v. Baylor University Medical Center*, 711 F.2d 38 (5th Cir.1983) for granting a stay on appeal;[1] or alternatively (2) any stay

---

1. The four factors cited therein are as follows: (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4)

should be conditioned, pursuant to F.R.Civ. P. 62(b), upon the filing of a supersedeas bond to cover "lost opportunity cost otherwise available to them." In connection with the second point, appellees state (though without supporting testimonial or documentary evidence) that they, and particularly the Bank, could earn a far greater rate of return through their own investment decisions than is earned through interest by the registry of the Bankruptcy Court. The Court finds both points erroneous.

Appellees' citation to *Baylor* is misplaced. First, as *Baylor* and each of the cases cited therein attest, the *Baylor* test is the test the circuit courts apply in determining whether to stay orders or judgments from district courts; none of the cases suggests that this test is to control where a district court is considering whether to stay its own order or judgment. Second, the *Baylor* test concerns stays of *injunctions*, which are governed by discretionary rules under F.R.Civ.P. 62(c). *Cf. Canal Authority v. Callaway*, 489 F.2d 567, 572 (5th Cir.1974) (same four-part test for determining whether to grant a preliminary injunction).

█ As Professors Wright and Miller have suggested, stays of money judgments are a matter of right if the appellant posts a supersedeas bond in accordance with the applicable rules. 11 C. Wright & A. Miller, *Federal Practice and Procedure* § 2905, at 326 (citing, among other cases, *American Manufacturers Mutual Insurance Co. v. American Broadcasting–Paramount Theatres, Inc.*, 87 S.Ct. 1, 3, 17 L.Ed.2d 37 (1966) (Harlan, Cir.J., in chambers); *United States v. Wylie*, 730 F.2d 1401, 1402 n. 2 (11th Cir.1984)). While this Court's judgment is not literally a money judgment, it is best understood as such for stay purposes since the ultimate issue in dispute is who between Miranne and appellees should recover a sum certain of money.

█ The question, then, is whether this Court ought deem the money at issue, which is presently earning interest in the registry of the Bankruptcy Court, as being wholly or partially equivalent to a supersedeas bond for stay purposes.

Guiding this Court's analysis is its Local Rule 6.6, which states as follows:

> A supersedeas bond staying execution of a money judgment shall be in the amount of the judgment plus 20% of the amount to cover any interest and any award of damages for delay, unless the Court directs otherwise.

While the Court acknowledges that neither Local Rule 6.6 nor F.R.Civ.P. 62 is wholly controlling inasmuch as this Court is sitting as an intermediate bankruptcy appellate court in this matter, the Court finds no reason to depart from this District's policies underlying its Local Rule.

The large percentage required under the Local Rule is intended primarily to cover potentially lost interest. While the Bank may be able to earn greater rates of return on its money than is earned at legal rates of interest, any award on interest would be limited to the legal rate of interest permitted under federal law. Thus, the Court cannot be guided by the Bank's allegedly higher rate of return. While the bonds under the Local Rule are also intended to provide security for "any award of damages for delay," appellees have suggested no such damages, other than lost interest already discussed above.

In sum, the Court determines, in its discretion, that the amount of money already in the Bankruptcy Court's registry is sufficient to satisfy the bond requirements for a stay on appeal. Thus, the Court holds that no further bond is necessary in this instance.

### III.

For these reasons, the Court hereby GRANTS Miranne's motion. IT IS HEREBY ORDERED that (1) this Court's judgment of June 10, 1988 and the Bankruptcy Court's order of March 14, 1988 are hereby STAYED pending the outcome of any ap-

---

whether the granting of the stay would serve the public interest.

711 F.2d at 39.

peal and (2) First Financial Bank and Bernice M. Dohm (as well as their respective successors, assigns, directors, officers, agents, employees, attorneys, servants, secretaries, and shareholders and all persons acting in concert or participation with them and all persons having actual notice of this order) are hereby ENJOINED and PROHIBITED from taking any action with respect to or proceeding with the withdrawal from the Bankruptcy Court's registry of any funds in the name of Edmond G. Miranne Sr. Further, the Clerk of the Bankruptcy Court for the Eastern District of Louisiana shall not distribute any funds in the name of Edmond G. Miranne Sr. from its registry pending the term of this stay.