BY THE COURT:
Reading & Bates, by its Motion to Vacate Stay, asks this Court to reconsider the order entered by a majority of this Court (Judge Smith, dissenting) on December 21, 1993, which granted Musslewhite’s motion for stay pending appeal to a limited extent in the following language: “The execution of the December 20, 1993 Commitment Order is stayed pending further order of this Court.” We decline to reconsider for the following reasons:
First of all, a majority of this panel believes that the stay order granted under date of December 21, 1993 was correct. The criteria to be used in determining whether to grant a stay of a district court’s order in this Circuit are well-settled. Because of the per-tinency to the present appeal, we quote verbatim from the decision in United States v. Baylor Univ. Medical Ctr., 711 F.2d 38, 39 (5th Cir.1983), as follows:
Four factors must be considered by this Court in determining whether to stay the district court’s Order under Fed.R.App.P., Rule 8. These are: (1) whether the mov-ant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest. (Citations omitted.)
However, this Court has refused to apply these factors in a rigid mechanical fashion. Indeed, in Ruiz v. Estelle, 650 F.2d 555 (5th Cir.1981), this Court held that the movant ‘need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in the favor of granting the stay.’
The critical issues to be decided on the merits of this appeal are whether the orders of the district court (1) détermining that an attorney practicing before that court was in civil contempt of a prior order entered by another judge of that court, and (2) ordering the incarceration of that attorney from 8 a.m. to 5 p.m. each business day until he purged himself of such contempt, were correct. The majority had no trouble whatsoever in determining that Musslewhite, by his original Notice of Appeal and his Motion to Stay, has presented “a substantial case on the merits” and that a “serious legal question is involved.” Having so determined, the majority next determined that the “equitable balance does weigh heavily in favor of granting the stay.” To paraphrase some of the language from the Baylor case, the district court’s order has placed Musslewhite “between a rock and a hard place.” He can comply with the contempt order of December 13, 1993 and dismiss the state court proceeding, thereby rendering moot his contention that the permanent injunction entered by Order of March 3, 1992 did not require him to dismiss such suit[1], or he can spend each business day in the custody of the U.S. marshal, thereby suffering irreparable harm if it should be ultimately determined that the contempt order of December 13, 1993 was not appropriate. Furthermore, we note that the granting of our stay could not possibly have caused “substantial harm” to Reading & Bates, in light of the fact that the controversy as to the effect of the federal proceeding on the state court proceeding has been going on for more than ten years. In addition, Reading & Bates’ motion to vacate does not come anywhere close to suggesting any harm from our granting such stay.
In conclusion, we emphasize that we are not deciding the merits of the appeal or *273 expressing any opinion on the resolution of that serious legal issue. All- we do today is to DENY Reading & Bates’ Motion to Vacate Stay and to REAFFIRM our stay order of December 21, 1993.
Sua sponte this Court orders that this case shall be set for submission to an oral argument panel, and that immediately upon the filing of the record herein, the Clerk of this Court shall establish an expedited briefing schedule for the submission of this case to such oral argument panel.

. The March 3, 1992 order forbade Musslewhite from further prosecution of the state suit, which the judge issuing the March 3, 1992 order plainly knew was then pending; all .Musslewhite has done, or attempted to do, is to leave the state suit in precisely the same status (or, if anything, in an even more inactive status) as it was in immediately before issuance of the March 3, 1992 order. Musslewhite’s possible difficulties in other, unrelated cases are wholly irrelevant to whether what he did or attempted to do violated the March 3, 1992 order.