JERRY E. SMITH, Circuit Judge,
dissenting:
In partially granting the motion for stay pending appeal, and in subsequently refusing to vacate that stay, the panel majority has unnecessarily interfered with the district court’s reasonable efforts to achieve compliance with its orders. Moreover, the majority, while making an ad hoc decision to enter and continue the stay, has failed to apply the appropriate standards as enunciated in the well-established precedents of this court. In dissenting, I write separately to express concern that there is an increasing tendency to second-guess district courts on the question-of stays pending appeal and to enter stays merely to preserve the status quo, with little attention to the prerequisites for such stays.
I.
This is an instance of an attorney’s disdainful and persistent disregard for the orders and directives of the federal courts. The plaintiff, Peter Manangklangi, and his attorney, Benton Musslewhite, filed a federal action in federal district court in 1979 against the three Reading & Bates defendants (“Reading and Bates”), seeking damages for an injury allegedly suffered during offshore oil well workover operations near Indonesia. In 1984, that action was dismissed with prejudice. Manangklangi did not appeal.
In the meantime, in 1983, Manangklangi, through Musslewhite, filed an action in state district court, alleging the same cause of action. In 1986, Reading & Bates filed in federal court a complaint for injunctive relief against Musslewhite, seeking to proscribe Musslewhite’s further prosecution of the state suit. In 1992, the federal district court granted Reading & Bates’s motion for summary judgment and permanently enjoined Manangklangi and Musslewhite from prosecuting the pending state suit or any action, in any court, asserting claims based upon the injury in question. Once again, Manangklan-gi did not appeal.
In July 1993, the state court dismissed the still-pending 1983 lawsuit after notice was given that it was subject to dismissal for want of prosecution. A month later, Mussle-white filed in.the state court a “Motion for New Trial, Rehearing, To Reconsider the Dismissal Order, and To Reinstate the Case.” The justification given for reinstatement was that matters were pending in the Supreme Court of the United States and the Texas Supreme Court that had a bearing on the merits of Manangkalangi’s claim and that the state court should reinstate the state suit, retain it on the docket, and stay all proceedings pending disposition of the subject proceedings in the state and federal supreme courts.
In October 1993, Musslewhite personally appeared at a status conference with the state district judge and urged that the case be reinstated. The state court granted the motion to reinstate.
II.
In October 1993, Reading & Bates filed in federal court a motion for contempt and a motion to show cause why Musslewhite should not be held in contempt. On December 15, 1993, the federal district court entered an order finding Musslewhite in contempt and ordering him to purge himself of his contempt.[1]
*274 The next.day, Musslewhite sent a representative to appear on his behalf before the judge presiding in the state court proceeding. The representative stated that, although Musslewhite had requested the conference with the court to take place, “the original reason for setting this particular conference had fallen through because he had been unable to reach his client.” No mention was made of any intention to dismiss the state suit. Then, on December 17, Musslewhite appeared before the state judge but gave no indication of an intention to dismiss the state action.
After Musslewhite took no action to purge himself of contempt, the district court held a show-cause hearing on December 20, at which Musslewhite argued that the contempt order represented a premature and impermissible modification of the injunction and that the injunction was impermissibly vague. The court found that Musslewhite’s failure to withdraw the retention motion and effect a dismissal of the state suit constituted a viola-' tion of the injunction and of the contempt order.
The court issued a second contempt order, directing Musslewhite to jail from 8 a.m. to 5 p.m. each business day beginning Deceitaber 22, until he had purged himself of the contempt. The court denied Musslewhite’s motion to stay the order pending appeal. • On December 21, Musslewhite filed a notice of appeal from the two contempt orders.
Musslewhite filed in this court a motion for stay of the contempt orders pending appeal. On December 21, this emergency motions panel, over my dissent, stayed execution of the December 20 commitment order. On January 18, 1994, Reading & Bates filed in this court a motion to vacate the December 21 stay.
III.
Musslewhite’s argument in support of a stay pending appeal is pure sophistry. He argues that, although the federal district court enjoined him from “prosecuting” the state suit, that order was vague and that his failure to withdraw the retention motion and effect a dismissal of the state suit was not a violation of that injunction or of the first contempt order.
The state court dismissed the case “for want of prosecution.” By any reasonable definition, an attorney’s determined and successful effort to reinstate such a suit, after he has been told to drop it, constitutes “prosecution” of that suit.
Musslewhite was in repeated and flagrant disregard of the orders of the district court. That court patiently afforded Musslewhite numerous opportunities to comply and provided Musslewhite with a moré than adequate. forum in which to explain his position, but to no avail. Under the circumstances, the district court was well within its discretion in determining that incarceration was the only reasonable means of ensuring compliance with its orders.
By staying the contempt orders pending appeal, the panel majority has awarded Mus-slewhite a victory he ill deserves and, in so doing, had substantially undermined the ability of this district court, and any other district court faced with today’s action as a precedent, to effect the orderly disposition of *275 the business before it in the face of recalcitrant attorneys such as Musslewhite.[2]
Most importantly, the panel majority has improperly applied the requirements for a stay pending appeal.[3] It is well established that courts of appeals are not merely to substitute their judgment for that of the district court in deciding to issue a stay pending appeal.
Stays pending appeal constitute extraordinary relief and are to be entered only when four conditions are met: (1) movant’s likelihood of success on the merits; (2) irreparable injury to the movant if a stay is not granted; (3) a showing that the stay would not substantially harm the other party; and (4) a demonstration that the stay would serve the public interest. United States v. Baylor Univ. Medical Ctr., 711 F.2d 38, 39 (5th Cir.1983). We generally recognize that the second condition is modified as follows:
[T]he movant need not always show a “probability” of success on the merits; instead, the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay.... Of course, if the balance of equities (i.e., consideration of the other three factors) is not heavily tilted in the movant’s favor, the movant must then make a more substantial showing of likelihood of success on the merits in order to obtain a stay pending appeal.
Ruiz v. Estelle, 650 F.2d 555, 565-66 (5th Cir. Unit A June 1981) (per curiam).
We should evaluate .these factors in Mus-slewhite’s ease, then, by first examining the last three factors. The injury is not irreparable, for Musslewhite can purge himself of contempt at any moment by effecting the dismissal of the state suit. But assuming arguendo that the commitment order constitutes irreparable harm, and that a stay would not substantially harm Reading & Bates, the stay certainly would not serve the public interest and, obviously, is contrary to the public interest. That is because the stay permits Musslewhite to continue to be in open disregard of the reasonable orders of the district court, a circumstance that can only promote disdain for the courts and contributes to disorder in the legal system.
[Fjederal courts have the power to enjoin plaintiffs who abuse the court system and harass their opponents. Indeed, federal courts have broad powers to protect their judgments and the integrity of the courts as a whole[, including] the power to enjoin “any future litigation on any cause of action arising from the fact situation at issue in [the] ease.”
Villar v. Crowley Maritime Corp., 990 F.2d 1489, 1499 (5th Cir.1993) (citations omitted) (last bracket in original), cert. denied, — U.S. —, 114 S.Ct. 690, 126 L.Ed.2d 658 (1994).
If, then, we view the other factors as “not heavily tilted in [Musslewhite’s] favor,” he “must then make a more substantial showing of likelihood of success on the merits” to obtain a stay. There is no likelihood that Musslewhite can prevail under any reasonable reading of the district court’s injunction prohibiting him from prosecuting the state court lawsuit.
The test is not whether there is any possibility that Musslewhite can prevail. Indeed, there is the chance that a panel majority of this court, considering Musslewhite’s pending appeal, could decide that his appeal has merit. But the question is whether he has made a strong enough showing now on the merits that he can be excused from complying with the district court’s important directive during the weeks and even months that his appeal will be pending.
Under ■ Ruiz, the balance of the equities plainly does not weigh strongly in Mussle-white’s favor. Even if he is able to parse the *276 injunction and urge a strained reading by which the motion to reinstate the state suit does not constitute “prosecution” of that action, this would be the most technical of distinctions, and we would be faced still with a recalcitrant attorney who has been told to terminate state court proceedings but who, in the face of that, has taken affirmative steps, once those proceedings were routinely dismissed as part of an annual purging of the docket, to reinvigorate that cause. Surely the balance of the equities cannot weigh in favor of such a circumstance.
The point is that there is a presumption of correctness in the district court’s orders, as that court has the obligation to maintain the orderliness of its proceedings and to exercise reasonable control over attorneys practicing as officers of the court. We overstep our bounds when, merely to preserve the status quo, we substitute our judgment for that of the able district judge in the instant case. This is serious error, and I respectfully dissent from the well-intended view of my conscientious colleagues.

. Specifically, the order directed Musslewhite to purge himself of contempt by doing the following:
(a) Bring to the attention of the Judge of the [state district court] the Final Judgment of this Court above-referenced, including the injunc-five order contained therein and of the need for Defendants to purge themselves of contempt of this Court by withdrawing their previous motion filed by Benton Musslewhite for reinstatement ... and obtaining reentry of an *274 Order of Dismissal such as that entered by the state district court on July 15, 1993.
(b) Fully and completely comply with all provisions of the Court's Final Judgment entered March 5, 1992, by causing [the state suit] to be DISMISSED and to CEASE and DESIST in prosecuting any claims which Defendants are prohibited by said Final Judgment from prosecuting in any state or federal court in this country.
(c) File with this Court no later than December 17, 1993, a sworn statement in this matter setting forth the steps that have been taken in order to purge Defendants of contempt, to obtain the reversal of the Order reinstating the state cause ..., which had granted Defendants’ state court motion that had been filed in contempt of this court, and to obtain dismissal of that action.
(d)Reimburse Plaintiffs for all attorneys' fees and costs of litigation incurred in this cause in connection with this contempt proceeding. Plaintiffs' counsel shall file and serve upon Defendants an affidavit of such attorneys' fees and costs no later than December 17, 1993; but Plaintiffs’ Motion for Costs and Attorneys' Fees incurred in [the state suit] is DENIED.
The court warned that if the orders were not complied with by December 17, 1993, a hearing would be held on December 20 to show cause why further sanctions should not be imposed.

. This is not Musslewhite’s first scrape with the courts. See Musslewhite v. State Bar of Tex., 786 S.W.2d 437 (Tex.App.1990) (affirming revocation of law license for violating disciplinary rule and for violating order not to take on new clients during period of suspension), cert. denied, - U.S. -, 111 S.Ct. 2891, 115 L.Ed.2d 1056 (1991).

. See generally John Y. Gotanda, The Emerging Standards for Issuing Appellate Stays, 45 Bavlor L.Rev. 809 (1993).