**Alonzo Demont RICE, Plaintiff–Appellant**

v.

**Gregory H. OLIVER, Assistant Warden; Shona D. Hannor, Correctional Officer III; Corey Furr, Disciplinary Captain; Wade King, Jr., Disciplinary**

Captain; Theresa Parrish, Correctional Officer III; Corey Valdez, Correctional Officer; Leontyne Haynes, Sergeant; Antwaain D. Boston, Correctional Officer; Jan M. Smith, Disciplinary Counsel Substitute; Floyd D. Hicks, Grievance Officer; Tommy E. Goodin, Grievance Officer, Defendants–Appellees.

No. 12–40180
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Oct. 16, 2012.

Alonzo Demont Rice, Lovelady, TX, pro se.

Before JOLLY, ELROD, and GRAVES, Circuit Judges.

PER CURIAM: *

Alonzo Demont Rice, Texas inmate # 479048, proceeding pro se, moves for leave to appeal in forma pauperis ("IFP") following the magistrate judge's denial of his IFP motion and certification that his appeal is not taken in good faith. Rice consented to entry of judgment by the magistrate judge. He seeks to appeal the dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous and for failing to state a claim. He asserted that he is vulnerable to attack by fellow inmates and that Defendants Warden Gregory Oliver, Captain Corey Furr, Captain Wade King, Officer Theresa Parrish, and Officer Shona Hannor have retaliated against him by finding him

guilty in various disciplinary actions and denying his life endangerment claims. He has also filed motions for injunctive relief pending his appeal and for the appointment of counsel on appeal.

Rice does not challenge the dismissal of Corey Valdez, Leontyne Haynes, Antwaain Boston, Jan Smith, Floyd Hicks, and Tommy Goodin for failure to name them as defendants. He has, therefore, abandoned appellate review of any such argument. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

We construe Rice's motion to proceed IFP and his appellate brief as a challenge to the magistrate judge's certification that the appeal is frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir.1997); 28 U.S.C. § 1915(a)(3); Fed. R.App. P. 24(a)(3). We ask only whether the appeal involves meritorious legal issues. *Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983). Where the merits are intertwined with the IFP decision, we may reach the merits when deciding the IFP motion. *Baugh*, 117 F.3d at 202. Because the district court dismissed the complaint both as frivolous and for failure to state a claim, our review is de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir.2005).

Rice's argument that the magistrate judge erred when she denied him the opportunity to present inmate affidavits at the hearing conducted pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985), is unavailing. *See Wesson v. Oglesby*, 910 F.2d 278, 281 (5th Cir.1990). Moreover, because Rice was given the opportunity to flesh out the factual basis of his complaint at the *Spears* hearing, the magistrate judge did not err when she denied Rice's

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

motions to amend his complaint with those affidavits. *See Jacquez v. Procunier,* 801 F.2d 789, 793 (5th Cir.1986); *see also Brewster v. Dretke,* 587 F.3d 764, 768 (5th Cir.2009); *cf. Eason v. Thaler,* 14 F.3d 8, 9 (5th Cir.1994) (vacating and remanding because the district court did not provide plaintiff with opportunity to offer more detailed set of factual claims).

Rice fails to state a failure-to-protect claim because, given the results of the investigation of his life endangerment claim, he has not shown that the defendants incarcerated him under conditions that posed a substantial risk of serious harm. *See Farmer v. Brennan,* 511 U.S. 825, 833–34, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *Neals v. Norwood,* 59 F.3d 530, 533 (5th Cir.1995). Rice's challenge to the process afforded him at the hearing on his life endangerment claim fails because he had no liberty interest in his housing classification. *See Wilkerson v. Stalder,* 329 F.3d 431, 435–36 (5th Cir. 2003); *Moody v. Baker,* 857 F.2d 256, 257–58 (5th Cir.1988). Rice's argument that he is entitled to § 1983 relief because the defendants retaliated against him fails because he has not alleged the violation of a specific constitutional right. *See Woods v. Smith,* 60 F.3d 1161, 1166 (5th Cir.1995).

Rice fails to make the requisite showing for an injunction pending appeal. *See* FED. R.APP. P. 8; *United States v. Baylor University Med. Ctr.,* 711 F.2d 38, 39 (5th Cir.1983). Further, because Rice has not established "exceptional circumstances," his motion for appointment of counsel is denied. *Ulmer v. Chancellor,* 691 F.2d 209, 212, 213 (5th Cir.1982); *Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir.1991).

Rice's appeal does not involve legal points that are arguable on the merits, *see Howard v. King,* 707 F.2d 215, 220 (5th Cir.1983), and his IFP motion is DENIED,

*see Baugh v. Taylor,* 117 F.3d 197 (5th Cir.1997). Because the resolution of Rice's challenge to the district court's certification order requires resolution of the merits of his appeal, the appeal is DISMISSED as frivolous. *See id.;* 5TH CIR. R. 42.2.

The dismissal of Rice's complaint in the district court and the dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387–88 (5th Cir.1996). Rice is WARNED that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).