**REVISED, December 10, 2014**
**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2014

Lyle W. Cayce
Clerk

No. 14-60837

CAMPAIGN FOR SOUTHERN EQUALITY; REBECCA BICKETT; ANDREA SANDERS; JOCELYN PRITCHETT; CARLA WEBB,

> Plaintiffs - Appellees

v.

PHIL BRYANT, in his Official Capacity as Governor of the State of Mississippi; JIM HOOD, in his Official Capacity as Mississippi Attorney General,

> Defendants - Appellants

Appeal from the United States District Court
for the Southern District of Mississippi

Before PRADO, OWEN, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

By statute and constitutional provision, the State of Mississippi ("Mississippi" or "the State") prohibits same-sex couples from marrying and does not recognize those marriages entered into by same-sex couples which have been validly performed and are recognized elsewhere (the "marriage bans" or the "bans"). *See* Miss. Const. art XIV, § 263A; Miss. Code. Ann. § 93-1-1(2). In October of 2014, two same sex couples, Rebecca Bickett and Andrea

No. 14-60837

Sanders and Jocelyn Pritchett and Carla Webb, and the Campaign for Southern Equality, a non-profit advocacy group ("Plaintiffs"), initiated a lawsuit challenging Mississippi's marriage bans as violating the Equal Protection and Due Process Clauses of the Fourteenth Amendment.  In connection with their suit, Plaintiffs filed a motion for a preliminary injunction seeking to enjoin Mississippi from enforcing the bans.

On November 25, 2014, after conducting a hearing on Plaintiffs' motion, the district court entered an order preliminarily enjoining Mississippi from enforcing the marriage bans.  In addition, in response to a motion filed by the State, the district court stayed the effect of its own order for 14 days to permit the State to seek a further stay of the injunction pending an appeal to this court.  Before this court now is Mississippi's emergency motion to stay the effect of the district court's injunction pending appeal.  For the following reasons, Mississippi's motion is GRANTED.

"A stay is an intrusion into the ordinary processes of administration and judicial review" and a party is not entitled to a stay as a matter of right.  *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal quotations omitted).  Nevertheless, the authority to "hold an order in abeyance pending review allows an appellate court to act responsibly" when faced with serious legal questions that merit careful scrutiny and judicious review. *Id.*  An appellate court's determination regarding the issuance of a stay requires an individual assessment of the case before it and an analysis of the circumstances attendant to the particular stay request.  *Id.* at 433-34; *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987).

In determining whether to grant a stay pending appeal, we consider four factors: "(1) whether the stay applicant has made a strong showing that he [or she] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will

substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Veasey v. Perry*, 769 F.3d 890, 892 (5th Cir. 2014); *accord Nat'l Treasury Emps. Union v. Von Raab*, 808 F.2d 1057, 1059 (5th Cir. 1987). In evaluating these factors, this court has refused to apply them "in a rigid . . . [or] mechanical fashion." *United States v. Baylor Univ. Med. Ctr.*, 711 F.2d 38, 39 (5th Cir. 1983). Moreover, we have recognized that a "movant 'need only present a substantial case on the merits when a serious legal question is involved and show that the balance of equities weighs heavily in favor of granting the stay.'" *Id.* (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981); *see also Von Raab*, 808 F.2d at 1059. The instant motion presents just such a case.

We have little difficulty concluding that the legal questions presented by this case are serious, both to the litigants involved and the public at large, and that a substantial question is presented for this court to resolve. In reaching the merits of this appeal, this court will be confronted with a potential conflict between the state's historic "power and authority over marriage" and "the constitutional rights of persons" to make decisions in the most intimate and personal aspects of their lives. *See United States v. Windsor*, 133 S.Ct. 2675, 2691 (2013); *Lawrence v. Texas*, 539 U.S. 558, 573-74 (2003). Further, while the majority of circuits to confront this issue have determined that marriage bans similar to the ones at issue here do not comport with the values of our constitution, that conclusion has not been universally shared. *Compare Latta v. Otter*, ___ F.3d ___, 2014 WL 4977682, at *11 (9th Cir. Oct. 7, 2014); *Baskin v. Bogan*, 766 F.3d 648, 672 (7th Cir. 2014); *Bostic v. Schaefer,* 760 F.3d 352, 384 (4th Cir. 2014); *Kitchen v. Herbert*, 755 F.3d 1193, 1229-30 (10th Cir. 2014) *with DeBoer v. Snyder*, ___F.3d ___, 2014 WL 5748990, at *26-27 (6th Cir. Nov. 6, 2014). It is not our task today to resolve the merits of this conflict in deciding the instant motion, however, we are convinced by the opinions of our sister

No. 14-60837

circuits that "a detailed and in depth examination of this serious legal issue" is warranted before a disruption of a long standing status quo. *See Baylor Univ. Med. Ctr.*, 711 F.2d at 40.

Further, considerations of intra-circuit uniformity and the avoidance of confusion, should this court lift the stay that is currently in place only to shift gears after individuals have relied on this change in law, also militate in favor of granting the State's motion. As the district court recognized, "a race to the courthouse—with same-sex couples rushing to the circuit clerk's office, and the State rushing to the Fifth Circuit—does not serve anyone's interest." The inevitable disruption that would arise from a lack of continuity and stability in this important area of law presents a potential harm not just to Mississippi but to the Plaintiffs themselves and to the public interest at large. *See Evans v. Utah*, ___ F. Supp. 2d ___, 2014 WL 2048343, at *1-4 (D. Utah May 19, 2014) (discussing the confusion resulting from Utah's marriage ban being enjoined and then subsequently reinstated). We note that these same concerns may have animated the Supreme Court when it granted a similar stay application while the issue of Utah's marriage ban was pending before the Tenth Circuit. *See Herbert v. Kitchen*, 134 S.Ct. 893 (2014) (Sotomayor, J.).

Finally, while we recognize that Plaintiffs are potentially harmed by a continued violation of their constitutional rights, this harm is attenuated by the imminent consideration of their case by a full oral argument panel of this court. The court is scheduled to hear challenges related to Louisiana's and Texas's marriage bans in one month and has recently issued an order granting Plaintiffs' application to expedite their appeal and scheduled the case for oral argument before the same panel. Given that Plaintiffs' claims will soon be heard in conjunction with these two other cases, a temporary maintenance of the status quo balances the possibility of this harm with the need to resolve Plaintiffs claims in a manner that is both expeditious and circumspect.

No. 14-60837

Accordingly, Mississippi's motion for stay pending appeal is GRANTED.