**COASTAL STATES GAS CORPORATION, Plaintiff-Appellant,**

v.

**DEPARTMENT OF ENERGY et al., Defendants-Appellees.**

No. 79–3964.

United States Court of Appeals, Fifth Circuit.

Dec. 20, 1979.

William R. Pakalka, Houston, Tex., for plaintiff-appellant.

James R. Gough, Asst. U.S. Atty., Houston, Tex., Alexander Humphrey, IV, Atty., Dept. of Energy, Washington, D.C., for defendants-appellees.

Before CHARLES CLARK, VANCE and SAM D. JOHNSON, Jr., Circuit Judges.

PER CURIAM:

Coastal States Gas Corporation (Coastal States) seeks to stay enforcement pending appeal of an adverse judgment rendered by the District Court for the Southern District of Texas, Judge John V. Singleton, Jr., presiding. In the trial court action, Coastal States sought to prevent the Department of Energy (DOE) from releasing any of its trade secrets and confidential and proprietary data to Alexander Grant & Company, a private accounting firm. On January 17, 1979, the DOE formally notified Coastal States that Alexander Grant & Company had contracted with the DOE to perform an audit of Coastal States' non-product costs for the period from the middle of 1973 to the end of 1976. This notification indicated that Alexander Grant & Company was required to keep confidential any information that Coastal States regarded as confidential or proprietary. Coastal States sued the DOE for a declaration that the contract between the DOE and Alexander Grant & Company was an unlawful delegation of a statutory function. Coastal States also sought to enjoin the DOE from releasing, and from requiring Coastal States to release, any of Coastal States' confidential or proprietary data to Alexander Grant & Company.

This Court must consider four factors to determine whether Coastal States has shown sufficient reason to grant a stay of judgment pending appeal. These factors are: (1) Whether Coastal States has made a strong showing of likelihood of success on the merits; (2) Whether Coastal States has made a showing of irreparable injury if this Court does not grant the stay; (3) Whether the stay would substantially harm other parties; and (4) Whether the stay would serve the public interest. *See Belcher v. Birmingham Trust National Bank,* 395 F.2d 685 (5th Cir. 1968).

Coastal States has failed to make a strong showing of likelihood of success on the merits. Coastal States first contends that the DOE contract with Alexander Grant & Company is an illegal delegation under 42 U.S.C. § 7252. That section provides, "except as otherwise provided in this chapter, the Secretary may delegate any of his functions to such officers and employees of the Department as he may designate . . . ." If 42 U.S.C. § 7252 stood alone, it might offer some support for Coastal States' position. But 42 U.S.C. § 7256 specifically authorizes the Secretary of the DOE to enter into contracts like the one between the DOE and Alexander Grant & Company. "The Secretary is authorized to enter into and perform such contracts . . . with . . . private organizations and persons . . . as he may deem to be necessary or appropriate to carry out the functions now or hereafter invested in the Secretary."

Coastal States also contends that the DOE contract with Alexander Grant & Company, contemplates an illegal disclosure of confidential data in violation of 15 U.S.C. § 773(b). Congress has stated, however, that 15 U.S.C. § 773(b) authorizes disclosure of confidential information to persons performing functions for the Administrator of the Federal Energy Administration.* S.Conf.Rep. No. 93–788, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin.News, pp. 2939, 2972, 2979. 15 U.S.C. § 773(b)(1) reads as follows:

(b) Subject to the provisions of this chapter, section 552 of Title 5 shall apply to public disclosure of information by the Administrator: *Provided,* That notwithstanding said section, the provisions of section 1905 of Title 18, or any other provision of law, (1) all matters reported to, or otherwise obtained by, any person exercising authority under this chapter containing trade secrets or other matter referred to in section 1905 of Title 18, may be disclosed to other persons authorized to perform functions under this chapter solely to carry out the purposes

---

* 42 U.S.C. § 7151(a) transferred all the functions of the Federal Energy Administration and its Administrator to the DOE.

of the chapter, or when relevant in any proceeding under this chapter . . ..

(Emphasis added.)

Coastal States' final contention is that any disclosure of its confidential data to Alexander Grant & Company would be illegal under the Trade Secrets Act, 18 U.S.C. § 1905, the Freedom of Information Act, 5 U.S.C. § 552(b)(4) and the Federal Energy Administration Act, 15 U.S.C. § 773(b). 15 U.S.C. § 773(b) specifically allows disclosure of confidential information notwithstanding 5 U.S.C. § 552, 18 U.S.C. § 1905 and "any other provision of law." Coastal States has failed to make a strong showing of likelihood of success on the merits.

We now turn to the other factors we must consider to decide whether to grant Coastal States' application for stay pending appeal.

Coastal States has not shown that it will suffer irreparable harm if this Court denies its application for stay. Denying the stay would effectively give Alexander Grant & Company access to Coastal States' confidential data, but this alone does not amount to irreparable harm. Alexander Grant & Company is bound to keep any information it received about Coastal States confidential, and there is no showing or even allegation that they would not do so.

Finally, while we cannot say granting the stay would substantially harm other parties, we cannot see how the stay would serve the public interest. The DOE has set up a procedure to protect the confidentiality of Coastal States' trade secrets and other proprietary information. Granting the stay would only delay the DOE audit of Coastal States. Accordingly, the motion for stay pending appeal of Coastal States is

DENIED.