In the Matter of an Arbitration
Between

**KARAHA BODAS COMPANY,
L.L.C., Petitioner,**

v.

**PERUSAHAAN PERTAMBANGAN
MINYAK DAN GAS BUMI
NEGARA, Respondent.**

No. CIV.A.H 01–0634.

United States District Court,
S.D. Texas,
Houston Division.

July 22, 2002.

E. Thomas Bayko, Jones Day, Houston, TX, Kenneth S. Marks, Susman Godfrey LLP, Houston, TX, Christopher F. Dugan, Paul Hastings, Washington, DC, for Karaha Bodas Co., LLC.

Michael Lamar Brem, Baker Botts LLP, Houston, TX, Matthew D. Slater, Cleary Gottlieb, Washington, DC, F. Walter Conrad, Jr., Baker Botts, Houston, TX, Jonathan D. Schiller, William A. Isaacson, Boies & Schiller, Washington, DC, for Perusahaan Pertambangan Minyak Dan Gas Bumi Negara.

Eric Scott Lipper, Jirsch & Westheimer, Houston, TX, for Bank of America.

Patrick Carlton Appel, Adams & Reese LLP, Houston, TX, Douglas G. Boven, Crosby Heafey, San Francisco, CA, for American Overseas Petroleum, Ltd., PT Caltex Pacific Indonesia.

Jesse Ricker Pierce, Clements O'Neill, Houston, TX, Eric Grannon, Carolyn B. Lamm, Frank Panopoulos, White & Case, LLP, Washington, DC, for Ministry of Finance of Republic of Indonesia.

Roxanne Armstrong, Apache Corp., Houston, TX, for Apache Corp.

Carleton A. Davis, Hilgers & Watkins, Austin, TX, for OpicOil Houston, Inc.

### *MEMORANDUM AND ORDER*

ATLAS, District Judge.

This matter is before the Court on Perusahaan Pertambangan Minyak Dan Gas Bumi Negara's (Pertamina's) Cross–Motion for Stay of Enforcement ("Motion to Stay Enforcement") [Doc. # 101] and Pertamina's Motion and Memorandum of Law in Support of it's Motion For a Partial Stay Pending Appeal of the Order Granting Preliminary Injunction ("Motion to Stay Preliminary Injunction") [Doc. # 148]. Also before the Court are Petitioner Karaha Bodas Company, L.L.C.'s ("KBC'S") Motion for Leave to Register Judgment in Illinois ("Motion to Register") [Doc. # 80] and Motion for In Camera Review of the Affidavit of Christopher F. Dugan ("Motion for In Camera Review") [Doc. # 81]. The motions have been fully briefed and are ripe for determination.[1] Having reviewed the parties' submissions, all matters of record, and applicable legal authorities, the Court concludes that Pertamina's Motion to Stay Enforcement and Motion to Stay Preliminary Injunction

---

1. *See* KBC's Opposition to Motion to Stay Enforcement of the Judgment [Doc. # 133]; Pertamina's Reply in Support of its Motion for Stay of Enforcement [Doc. # 142]; KBC's Sur–Reply to Pertamina's Reply Motion to Stay Enforcement of the Judgment [Doc. # 146]; KBC's Memorandum in Opposition to Pertamina's Motion to Stay the Preliminary Injunction ("KBC's Opposition") [Doc. # 159]; Pertamina's Reply in Support of its

Motion for Partial Stay Pending Appeal of the Order Granting Preliminary Injunction [Doc. # 167]; Pertamina's Opposition to KBC's Motion to Register Judgment in Illinois and Motion for In Camera Review [Doc. # 83]; Pertamina's Supplemental Memorandum in Support of its Opposition [Doc. # 85]; and KBC's Combined Reply to Pertamina's Opposition [Doc. # 96].

should be **denied**, and KBC's Motion to Register and Motion for In Camera Review should be **granted**.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

On December 4, 2001, a final judgment confirming an international arbitration award ("Arbitral Award") was entered against Pertamina in favor of KBC for $261,166,654.92 plus interest ("Judgment"). Pertamina has appealed the Judgment, but has not filed a supersedeas bond staying execution.

In an Order entered January 25, 2002, this Court found that a reasonable period of time had passed since entry of the Judgment and authorized KBC to commence proceedings to execute on the Judgment. KBC sought and was granted leave to register the Judgment in New York, Delaware, and California.

In March, 2002, Pertamina commenced an action in Jakarta, Indonesia, to annul the Arbitral Award, and obtained an injunction against KBC's enforcement of the Judgment. This Court granted KBC a Preliminary Injunction on April 26, 2002 prohibiting Pertamina from pursuing the Indonesian action or enforcing the Indonesian injunction against KBC, and requiring Pertamina to withdraw the Indonesian action [Doc. # 137]. Pertamina has appealed the Preliminary Injunction.

Pertamina now seeks a stay of enforcement of this Court's January 2002 Judgment until the Indonesian Court has decided whether to annul the Arbitration Award. Pertamina further seeks a stay of the Preliminary Injunction so that it may pursue the Indonesian action without fear of sanctions. Also pending before the Court is KBC's Second Motion for Contempt [2] based on Pertamina's repeated refusal to comply with the Preliminary Injunction, which will be the subject of a separate order.[3]

## II. *ANALYSIS.*

*Motion to Stay Enforcement.*— In the Preliminary Injunction Order, the Court noted that Pertamina had filed a motion to stay enforcement of the Judgment to permit Pertamina to pursue annulment in Indonesia. At that time, the Motion to Stay Enforcement was newly ripe for determination and the Court refrained from issuing a final ruling before having an opportunity to consider fully the parties' briefs. Having now considered all the pertinent materials and applicable authorities, the Court concludes that the Motion to Stay Enforcement is moot. The Preliminary Injunction requires Pertamina to withdraw and take no further action to prosecute the Indonesian action. There is no basis to stay enforcement of the Judgment pending completion of a suit this Court has found lacks legal foundation under applicable treaties, and has expressly prohibited Pertamina from pursuing. Therefore, Pertamina's Motion to Stay Enforcement is denied.

■ *Motion to Stay Preliminary Injunction.*— Pertamina seeks, pursuant to Rule 8 of the Federal Rules of Appellate Procedure, a stay of the Preliminary In-

---

2. Prior to issuing the Preliminary Injunction, the Court issued a Temporary Restraining Order, after notice and hearing, requiring Pertamina to withdraw the Indonesian injunction. Pertamina did not do so. KBC then filed it's first Motion for Contempt, which the Court granted by Order dated April 9, 2002 [Doc. # 129].

3. On July 12, 2002, this Court issued an Order for Discovery in Aid of Civil Contempt [Doc. # 176] in connection with KBC's pending, and seemingly well-founded, Second Motion for Contempt.

junction prohibiting Pertamina's prosecution of its action in Indonesia. The Court considers four factors in determining whether to stay its Preliminary Injunction pending appeal: (1) whether Pertamina has made a showing of likelihood of success on the merits; (2) whether Pertamina has made a showing of irreparable injury if the stay is not granted; (3) whether the stay would substantially harm KBC; and (4) whether the stay would serve the public interest. *See Coastal States Gas Corp. v. Department of Energy*, 609 F.2d 736, 737 (5th Cir.1979).

Pertamina contends that absent a stay of the Preliminary Injunction while its appeal is pending it will suffer irreparable harm because it will be deprived of its defense under Article V(1)(e) of the New York Convention in jurisdictions where KBC seeks to enforce the Arbitral Award or Judgment. Pertamina further contends that it is likely to succeed on the merits of its appeal because the Preliminary Injunction misinterprets and misapplies the New York Convention and case law allowing injunctions against foreign suits. While Pertamina has submitted voluminous materials, including expert declarations different from the ones submitted in response to KBC's preliminary injunction requests, in support of its position, Pertamina's Motion to Stay Preliminary Injunction raises the same arguments that the Court considered and rejected in deciding to grant a Preliminary Injunction in favor of KBC.[4] Pertamina's motion is in effect an untimely motion for reconsideration. The Preliminary Injunction is now on appeal to the Fifth Circuit. It is for the appeals court to decide if the Preliminary Injunction is based on a misinterpretation or misapplication of the law. The Court reaffirms its ruling granting the Preliminary Injunction.

As to the second element necessary to justify a stay pending appeal, the Court finds that harm to Pertamina from the injunction is not significant. Pertamina is free to make any arguments and assert all defenses it has to confirmation or enforcement of the Arbitral Award in foreign jurisdictions. Pertamina has apparently continued, in direct violation of this Court's order, to prosecute the Indonesian action. Thus, Pertamina's claim of harm from the Preliminary Injunction is disingenuous, at best.[5] In any event, if the Fifth Circuit reverses the Preliminary Injunction, Pertamina will be free to pursue its action in

---

4. Even if Pertamina's new expert declarations (*see* Opinion of Professor W. Michael Reisman, Exhibit 1 to Motion to Stay Preliminary Injunction and Supplemental Expert Report of Albert Jan Van Den Berg, Exhibit 2 to Motion to Stay Preliminary Injunction, as well as Exhibits 3–7 to Motion to Stay Prelminary Injunction) were deemed timely filed, a significant issue for reasons explained in the text hereafter, the Affidavits do not persuade the Court that Indonesia is the proper jurisdiction for a proceeding to annul the Arbitral Award. Van Den Berg concedes that "an agreement on a law applicable to the arbitration other than the arbitration law of the place of arbitration is rather exceptional and hence should be clearly expressed." Supplemental Expert Report, ¶ 42. The contracts do not clearly express an agreement of the type

Van Den Berg describes. In fact, Pertamina's original choice to pursue an annulment proceeding in Switzerland is persuasive evidence that the parties did *not* intend such an agreement. Moreover, the expert opinions do not overcome the judicial estoppel effect of Pertamina's prior unequivocal representations to the Arbitral Tribunal, the Swiss Supreme Court, and this Court that Switzerland is the proper jurisdiction for a proceeding to annul KBC's Arbitral Award.

5. The effect of granting a stay pending appeal would be to insulate Pertamina from contempt for violating the Preliminary Injunction. The Court does not rule on the pending contempt motion.

Indonesia at that time.[6]

A stay of the Preliminary Injunction, on the other hand, will substantially harm KBC. If a stay were granted, Pertamina would have the opportunity, contrary to applicable international treaties, to seek an order purporting to annul the Arbitration Award by the Indonesian Court before the Fifth Circuit rules on the appeal. In that circumstance, KBC may lose the benefit of any ruling on the merits in its favor. It is noted, further, that if Indonesia eventually is held to be the proper jurisdiction for an annulment proceeding, any prejudice to Pertamina from the denial of a stay is directly attributable to its failure to promptly seek annulment of the award in Indonesia (rather than Switzerland) and its failure to promptly seek annulment prior to allowing this Court to proceed to final judgment in the confirmation proceeding initiated by KBC. Pertamina, not KBC, bears responsibility for Pertamina's own strategic decisions.

There is no public interest at stake that justifies a stay of the Preliminary Injunction. As noted in the Preliminary Injunction, international comity is not implicated here because Indonesia lacks a legitimate jurisdictional interest. Also, the Preliminary Injunction is directed to the actions of Pertamina, which submitted to the jurisdiction of this Court. The Court has not issued any directive to the Indonesian Court.

The Court concludes that the factors for granting a stay pending appeal weigh against granting a stay in this case. Pertamina's Motion to Stay Preliminary Injunction is denied.[7]

 *Motions to Register Judgment in Illinois and For In Camera Review.*— Section 1963 of Title 28 of the United States Code provides in relevant part:

A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal *or when ordered by the court that entered the judgment for good cause shown.*

(Emphasis added.) Good cause is shown by evidence that the defendant lacks sufficient property in the judgment forum to satisfy the judgment, and has substantial property in another district. *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.,* 259 F.3d 1186, 1197–98 (9th Cir.2001). KBC has shown, and Pertamina does not contest, that Pertamina has insufficient assets in Texas to satisfy the judgment. KBC

**6.** Pertamina suggests that any dismissal of the Indonesian action would likely have to be with prejudice absent the agreement of all parties. Declaration of Professor Mr. Dr. S. Gautama, Exhibit 7 to Motion to Stay Preliminary Injunction. KBC has made it clear that it will agree to dismissal without prejudice, eliminating the only real hurdle facing Pertamina. KBC's Opposition, at 7. There is no credible explanation why PLN, which Pertamina joined as a *defendant* in the annulment proceeding, would not also agree, as any dismissal would also be without prejudice to any

right it may have to pursue an annulment action.

**7.** While Pertamina's Motion to Stay Preliminary Injunction was pending in this Court, Pertamina filed a similar Emergency Motion for Partial Stay Pending Appeal in the Fifth Circuit. *See* KBC's Memorandum in Opposition to Pertamina's Motion to Stay the Preliminary Injunction, Exhibit 2. The Fifth Circuit summarily denied Pertamina's motion. *Id.,* Exhibit 1.

has also presented evidence in the form of the Affidavit of Christopher F. Dugan to show that Pertamina has assets subject to execution in Illinois. Pertamina makes no representation that it has no assets in Illinois.

Pertamina objects to KBC's registration of the Judgment in Illinois on the grounds that KBC's has been oppressive and over-reaching in its enforcement efforts, and because the *in camera* review of Dugan's Affidavit prevents it from asserting defenses to execution under the Foreign Sovereign Immunities Act ("FSIA").

KBC's Motion to Register and Motion for In Camera Review are based on the same argument and legal authority as the motions previously granted by this Court in its February 15, 2002 Order [Doc. # 68] allowing KBC to register the Judgment in New York, Delaware, and California. For the same reasons expressed in that Order, the Court concludes that *in camera* review of the current Affidavit of Christopher F. Dugan is appropriate. Further, based on the entire record, the Court finds that KBC should be allowed to register the Judgment in Illinois.

Finally, in opposition to KBC's motion to register, Pertamina has submitted copies of the voluminous briefing and exhibits it presented to the United States District Court for the Southern District of New York in response to KBC's restraint of significant funds held in New York banks. Since completion of the briefing on the instant Motion to Register, Judge Grisea of the Southern District of New York has issued an opinion regarding the availability of certain Pertamina assets for execution in New York. *Karaha Bodas Company, L.L.C. v. Pertamina,* —— F.Supp.2d ——, 2002 WL 32099401 (S.D.N.Y.2002). KBC's instant motion seeks only to *register* the Judgment; it is not a motion to *execute* on any specific property. Pertamina is free to argue, in Illinois or in other jurisdictions, that Judge Grisea's rulings should have collateral estoppel effect in connection with KBC's execution efforts. Further, KBC must comply with the FSIA and all requirements for securing and enforcing a writ of execution in the jurisdiction in which Pertamina's assets are located. The arguments before Judge Griesa pertaining to execution on specific assets are not relevant to a decision by this Court to permit KBC to register the Judgment in other jurisdictions. This Court should not and will not address execution matters in other states. Pertamina's arguments about the proceeding before Judge Griesa are misplaced and are rejected.

### III. *CONCLUSION AND ORDER*

The Court concludes that neither a stay of enforcement of the Judgment nor a stay of the Preliminary Injunction is appropriate in this case. In addition, the Court concludes that KBC has shown good cause for leave to register the Judgment in Illinois. It is therefore

**ORDERED** that Pertamina's Motion to Stay Enforcement [Doc. # 101] is **DENIED.** It is further

**ORDERED** that Pertamina's Motion to Stay Preliminary Injunction [Doc. # 148] is **DENIED.** It is further

**ORDERED** that KBC's Motion for In Camera Review [Doc. # 81] is **GRANTED.** It is further

**ORDERED** that KBC's Motion to Register the Judgment in Illinois [Doc. # 80] is **GRANTED.**