# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 29, 2008

Charles R. Fulbruge III
Clerk

No. 08-20431

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARK E. BATTON

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-MC-27

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mark E. Batton requests a stay of detention pending appeal of an order finding him in civil contempt for failure to comply with a district court's order enforcing an IRS administrative summons. We have previously affirmed the May 7, 2007 order finding him in contempt. See United States of America v. Batton, No. 07-20382 (5th Cir. Feb. 26, 2008). Following that review, further proceedings were had in the district court, and the district judge again ordered Batton jailed for civil contempt. On July 3, 2008, this court granted a temporary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

stay of the district court's order detaining appellant in jail, pending further order of this court. We requested that the government file a response to appellant's motion and granted appellant leave to reply to the government's response. Batton urges a stay of detention while he seeks certiorari review of our affirmance and pursues an appeal of the district court's subsequent denial of his request to purge contempt. Because Batton has failed to make a strong showing that he is likely to prevail on the merits of his appeal, we vacate our prior temporary stay order and deny his motion for a stay. See FED. R. APP. P. 8; Coastal States Gas Corp. v. Dep't of Energy, 609 F.2d 736, 737 (5th Cir. 1979).

By denying Batton's motion, we do not present him the Hobson's choice he fears, that is, indefinite detention or coerced waiver of valid Fifth Amendment rights. Batton "is able to purge the contempt and obtain his release by committing an affirmative act, and thus 'carries the keys of his prison in his own pocket.'" Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 829 (1994) (citation omitted). The district court has set forth, in two show-cause hearings and a written order, a clear opportunity for Batton to bring himself into compliance, renounce his contemptuous conduct, and purge himself of the sanction imposed. See Lance v. Plummer, 353 F.2d 585, 592 (5th Cir. 1965). Such procedure does not bar any valid invocation of constitutional rights.

We understand the court's oral and written orders to instruct Batton to fully comply with the March 31, 2006 IRS summons by: (1) producing all remaining responsive documents in his possession or control; (2) providing all non-privileged testimony requested; (3) filing a written response to each item requested in the summons that lists his previous production and subsequent efforts to tender the remaining documents; and (4) specifically identifying reasons why he has been unable to obtain particular requested documents or furnish testimony. Implicit in this reporting requirement is the opportunity to narrowly raise defenses and privileges for the district court's in camera review.

The record makes clear that Batton has repeatedly responded to the 2006 summons and subsequent court orders by engaging in dilatory tactics and claiming full compliance, lack of possession or control over responsive documents, and broadly asserting the Fifth Amendment as to all questions. The district court has determined each such response to be invalid and, at times, implausible, and has accordingly held Batton in civil contempt and ordered him detained. We have found no reversible error in that order.

Between the original order affirmed by this court and the current proceedings, Batton has received an affidavit from Sarah Sheldon, an attorney in the Office of Chief Counsel for the IRS. The affidavit was filed in response to Batton's Freedom of Information Act request. In that affidavit, she states: "At present, a referral to [Criminal Investigation] is imminent." Whether this affidavit presents a changed circumstance from the prior order is a matter Batton is entitled to present to the district court in connection with his efforts to purge contempt by narrowly raising his Fifth Amendment privilege as to any disclosure that he "reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used." Kastigar v. United States, 406 U.S. 441, 445 (1972).

Having set forth evidence establishing the possibility of a criminal referral and a statement from the IRS that such criminal referral is "imminent," it remains Batton's obligation to "present himself with his records for questioning, and as to each question and each record elect to raise or not to raise the defense." United States v. Roundtree, 420 F.2d 845, 852 (5th Cir. 1969). "The district court may then determine by reviewing [the] records and by considering each question whether, in each instance, the claim of self-incrimination is well-founded." Id. Certainly, the bare fact that the IRS inquiry arguably has become one with "dominant criminal overtones" does not allow him to "draw a conjurer's circle around the whole matter by his own declaration that to write any word upon the

3

government blank would bring him into danger of the law." Id. at 852 & n.17 (quoting United States v. Sullivan, 274 U.S. 259, 264 (1927)). Batton is "not the final arbiter of whether or not the information sought would tend to incriminate." United States v. Johnson, 577 F.2d 1304, 1311 (5th Cir. 1978).

In lieu of Batton's compliance with the district court's order and narrow invocation of privilege, his blanket assertion of the Fifth Amendment is unlikely to prevail on appeal. Accordingly, we VACATE our prior temporary stay order and DENY his motion for a stay of detention.